# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| PAUL M. BENN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 09-2999 |
| | : | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | : | |
| | : | |
| Defendant/Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| L. BRUCE HOFFMAN, GARCES & GRABLER, P.C. and GEORGE CARR, | : | |
| | : | |
| Third-Party Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                    **JUNE 23, 2010**

Presently before the Court are: (1) a Motion for Summary Judgment filed by Defendant/Third-Party Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual"); (2) a Motion for Summary Judgment filed by Third-Party Defendant L. Bruce Hoffman, Esquire ("Hoffman"); (3) a Motion for Summary Judgment filed by Third-Party Defendant Garces & Grabler, P.C. ("Garces & Grabler"); and (4) a Motion for Summary Judgment filed by Third-Party Defendant George Carr ("Carr"). For the reasons set forth below, Liberty Mutual's Motion will be granted and the remaining Motions will be denied as moot.

## I. FACTS[1]

On June 11, 2009, Plaintiff Paul M. Benn, Esquire ("Benn") filed a Complaint in the Court of Common Pleas of Philadelphia County against Liberty Mutual seeking to recover a "referral fee" arising out of Benn's representation of Carr in a personal injury action (the "Carr Case"). On July 2, 2009, Benn's action was removed to this Court on the basis of diversity jurisdiction.

Benn's Complaint alleges that Benn was retained by Carr to provide representation in the Carr Case and that Carr executed a contingency fee agreement providing a one-third fee to Benn. (Pl.'s Compl. ¶ 5.) Through his representation of Carr, Benn "identified the potentially responsible parties to include Dan Lepore and Sons Company as a defendant." (Id. ¶ 6.) Dan Lepore and Sons Company was insured by Liberty Mutual. (Id.) Liberty Mutual was aware of Benn's representation of Carr and assigned a Senior Technical Claims Specialist, Betty Anne D'Angelo ("D'Angelo"), to monitor and adjust Carr's claim. (Id. ¶ 7.)

Sometime thereafter, Carr decided to discharge Benn as his lawyer and engaged Hoffman to represent him. Benn and Hoffman finalized an agreement which called for Benn's receipt of a one-third referral fee at the conclusion of the Carr Case. (Id. ¶ 8.) By letter dated November 30, 2004, Benn notified Liberty Mutual of his continued interest in the Carr Case. (Id. ¶ 9.) On October 26, 2005, D'Angelo acknowledged Benn's continuing interest in the Carr Case. (Id. ¶ 10.) Without receiving any consideration in return, D'Angelo agreed in writing to place Benn's

---

[1] In deciding these Motions for Summary Judgment, the Court will construe all facts in favor of Plaintiff and assume those facts submitted by Plaintiff to be true. Where Plaintiff has failed to submit any contrary facts, the Court must accept the uncontroverted facts as presented by Liberty Mutual and the Third-Party Defendants. See United States v. Premises Known as 717 S. Woodward St., Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993).

name on any drafts issued in settlement. (Id.) "The obvious intent of this writing was to protect the referral fee of the plaintiff, Mr. Benn." (Id.)

On May 1, 2006, Benn signed a General Release which stated in part:

> PAUL MICHAEL BENN, . . . (hereinafter referred to as the "Releasor"), . . . in consideration of the sum of Six Thousand Six Hundred Sixty-Six Dollars and Sixty-Six Cents . . . received from or on behalf of L. Bruce Hoffman, Esquire (hereinafter referred to as "Releasee"), . . . does hereby remise, release, acquit, satisfy, and forever discharge the said Releasee, of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, including the claims for referral fees, which said Releasor ever had, now has, or which any personal representative, successor, . . . shall or may have, against said Releasee, by reason of any matter, cause or thing whatsoever, from the beginning of time to the date of this instrument.

(Liberty Mutual's Mot. Summ. J., Ex. C at 1.) In his Responses to the Motions for Summary Judgment, Benn asserts that this General Release was executed as part of the settlement of a single case involving a plaintiff named Thomas Lynch ("Lynch") and does not affect his right to a referral fee in the Carr Case.[2] (Pl.'s Mem. Supp. Resp. Liberty Mutual's Mot. Summ. J. at unnumbered pages 1-2; Pl.'s Resp. Hoffman's Mot. Summ. J. at unnumbered pages 1-3.) Benn further alleges that "[a]t the time of the release, . . . Benn . . . had no viable claim against . . . Hoffman[]. . . relevant to the Carr case." (Pl.'s Resp. Hoffman's Mot. Summ. J. at unnumbered page 2.)

Ultimately, the Carr Case settled while Carr was represented by the law firm of Garces &

---

[2] Benn alleges that the case involving Lynch (the "Lynch Case") was taken over by Hoffman and Hoffman agreed to pay Benn a one-third referral fee. (Pl.'s Mem. Supp. Resp. Liberty Mutual's Mot. Summ. J. at unnumbered pages 1-2.) The Lynch Case settled in February of 2006. (Id.) Benn asserts that Hoffman never notified Benn of the settlement and Benn was forced to hire an attorney, Robert Reibstein, Esquire ("Reibstein"), to pursue his claim to a referral fee in the Lynch Case only. (Id.) Benn claims that through the assistance of Reibstein, the matter was settled and the General Release was executed as part of that settlement. (Id.)

3

Grabler. In its Response to the Motions for Summary Judgment filed by Liberty Mutual and Hoffman, Garces & Grabler states: "Hoffman was paid a one-third fee of $195,971.26. . . . If Hoffman loses on his defense of a general release and prevail[s] on his summary judgment motion against Garces & Grabler, P.C., Hoffman would be unjustly enriched one-third of $195,971.26, namely $65,323.75 that he would have otherwise paid to Benn." (Garces & Grabler's Resp. Mots. Summ. J. at unnumbered page 2 (emphasis in original).)

The sole basis for recovery in Benn's Complaint is a claim for promissory estoppel premised on the alleged agreement between Liberty Mutual and Benn to include Benn's name on the settlement draft if and when the Carr Case settled. (Pl.'s Compl. ¶¶ 12-14.) Benn asserts that "[b]y ignoring the promise . . . [Liberty Mutual] caused a severe injustice to occur and resulted in the loss of $163,888.89 to the plaintiff as the plaintiff was not paid a referral fee[,] all to his financial detriment." (Id. ¶ 12.)

On July 24, 2009, Liberty Mutual filed a Third-Party Complaint seeking contribution and/or indemnity from Hoffman, Garces & Grabler and Carr. On April 15, 2010, Hoffman filed his Motion for Summary Judgment regarding Liberty Mutual's claim for contribution and/or indemnity. On April 19, 2010, Liberty Mutual filed its Motion for Summary Judgment regarding Benn's claim for promissory estoppel. Also on April 19, 2010, Garces & Grabler filed its Motion for Summary Judgment regarding Liberty Mutual's claim for contribution and/or indemnity. Finally, on April 20, 2010, Carr filed his Motion for Summary Judgment regarding Liberty Mutual's claim for contribution and/or indemnity.

II. **STANDARD OF REVIEW**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is

proper if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party has the initial burden of informing the Court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson, 477 U.S. at 249. A factual dispute is material only if it might affect the outcome of the suit under governing law. Id. at 248.

To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather, that party must go beyond the pleadings and present "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Similarly, the non-moving party cannot rely on unsupported assertions, conclusory allegations or mere suspicions in attempting to survive a summary judgment motion. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989) (citing Celotex, 477 U.S. at 325). Further, the non-moving party has the burden of producing evidence to establish prima facie each element of its claim. Celotex, 477 U.S. at 322-23. If the Court, in viewing all reasonable inferences in favor of the non-moving party, determines that there is no genuine issue of material fact, then summary judgment is proper. Id. at 322; Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987).

### III. DISCUSSION

Benn's claim for a referral fee as a result of the settlement of the Carr Case is barred by

the May 1, 2006 General Release. As mentioned, the General Release stated that Benn "does hereby . . . release" Hoffman "from all manner of . . . claims and demands whatsoever, including the claims for referral fees, which [Benn] ever had, now has, or which any personal representative, successor, . . . shall or may have, against [Hoffman] . . . ." (Liberty Mutual's Mot. Summ. J., Ex. C at 1.) In his Complaint, Benn states that prior to the execution of the General Release, an agreement was finalized between Benn and Hoffman which called for a one-third referral fee at the conclusion of the Carr Case. The Complaint further states that prior to the execution of the General Release, D'Angelo agreed in writing to place Benn's name on any drafts issued in settlement and that "[t]he obvious intent of this writing was to protect the referral fee of the plaintiff, Mr. Benn." (Pl.'s Compl. ¶ 10.) However, Benn asserts that the General Release does not apply to his claim to a referral fee in the Carr Case because "[a]t the time of the release, . . . Benn . . . had no viable claim against . . . Hoffman[]. . . relevant to the Carr case." (Pl.'s Resp. Hoffman's Mot. Summ. J. at unnumbered page 2.) Benn further argues that the General Release was executed as part of the settlement of the Lynch Case only.

"Parties 'may agree for reasons of their own that they will not sue each other or any one for the event in question. However improvident their agreement may be or subsequently prove for either party, their agreement, absent fraud, accident or mutual mistake, is the law of their case.'" Crestar Mortg. Corp. v. Shapiro, 937 F. Supp. 453, 456 (E.D. Pa. 1996) (quoting Buttermore v. Aliquippa Hosp., 561 A.2d 733, 735 (Pa. 1989)). Under Pennsylvania law, it is well settled that "where the parties manifest an intent to settle all accounts, the release will be given full effect even as to unknown claims." Three Rivers Motors Co. v. Ford Motor Co., 522 F.2d 885, 896 (3d Cir. 1975). However, in interpreting a general release, "it is crucial that a

6

court interpret a release so as to discharge only those rights intended to be relinquished. The intent of the parties must be sought from a reading of the entire instrument, as well as from the surrounding conditions and circumstances." Vaughn v. Didizian, 648 A.2d 38, 40 (Pa. Super. Ct. 1994).

Regarding Benn's argument that the General Release was executed as part of the settlement of the Lynch Case only, we note that "[t]he strongest external sign of agreement between contracting parties is the words they use in their written contract." Mellon Bank, N.A. v. Aetna Bus. Credit, Inc., 619 F.2d 1001, 1009 (3d Cir. 1980). The General Release in this case contains no reference whatsoever to the Lynch Case. Rather, it states that Hoffman is released from "all manner of . . . claims and demands whatsoever, including the claims for referral fees, which [Benn] ever had, [or] now has[]. . . ." (Liberty Mutual's Mot. Summ. J., Ex. C at 1.) Moreover, Benn, an attorney, was represented by another attorney, Reibstein, when he executed the General Release. The Court is highly skeptical that these two attorneys would have justifiably relied on any representations by Hoffman that were contrary to the terms of the General Release. See Optopics Lab. Corp. v. Nicholas, No. 96-8169, 1997 U.S. Dist. LEXIS 14655, at *29 (E.D. Pa. Sept. 23, 1997) (finding that "defendants could not have justifiably relied on any representations by the plaintiffs that were contrary to the terms of the . . . Agreement because, inter alia: . . . all parties to the contract are knowledgeable and sophisticated attorneys and/or business persons who were represented by counsel[]. . . .").

With regard to Benn's other argument – that at the time when the General Release was executed, Benn had "no viable claim" against Hoffman concerning the Carr Case – we find our 2001 case, Transportation Insurance Company v. Spring-Del Associates, to be instructive. 159 F.

Supp. 2d 836 (E.D. Pa. 2001) (Kelly, J.). The release in <u>Transportation Insurance</u> was very similar to the General Release in the instant case, stating:

> [Releasors] do hereby remise, release, and forever discharge [defendant] . . . from any and all manner of actions and causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims and demands whatsoever in law or equity[] . . . . [w]hich against the [defendant] . . . ever had, now has (or have), or which their heirs, executors, administrators, successors or assigns or any of them, hereafter can, shall or may have, for or by reason of any cause, matter or thing whatsoever, from the beginning of the world to the date of these presents.

<u>Id.</u> at 838. The plaintiff argued, <u>inter alia</u>, that "general words of release will not bar a claim that has not accrued at the date of the release." <u>Id.</u> at 839. We found that "unaccrued claims that were not within the contemplation of the parties when the release was signed are not barred by the release. Conversely, future claims that were within the contemplation of the parties when the release was signed are barred by the release." <u>Id.</u> at 843. We determined that the releasor in <u>Transportation Insurance</u> had received notice of the suit before it signed the release, and thus, the circumstances did not constitute a situation "where the contracting parties could not have possibly contemplated the unaccrued claim." <u>Id.</u> at 842. On the contrary, we found that "[t]he parties were aware of the possible . . . claims and therefore, those claims were within their contemplation when they entered into the release. [Plaintiff], as subrogee of [releasor], may not now attempt to circumvent the broad language of the general release by utilizing its current argument." <u>Id.</u> at 842.

Here, upon analyzing the entire General Release and evaluating the surrounding conditions and circumstances, we conclude that Benn's claim for a referral fee in connection with the settlement of the Carr Case was clearly within the contemplation of Benn and Hoffman when

8

the General Release was executed. As mentioned, the General Release contains no reference to the Lynch Case, but rather, speaks of claims and referral fees in the plural. Further, the alleged agreement between Benn and Hoffman which called for a one-third referral fee at the conclusion of the Carr Case was finalized prior to the execution of the General Release. The alleged agreement between Benn and D'Angelo to place Benn's name on any drafts issued in settlement of the Carr Case – "[t]he obvious intent of [which] was to protect the referral fee of the plaintiff, Mr. Benn" (Pl.'s Compl. ¶ 10) – also predated the execution of the General Release. It is evident from the broad language of the General Release, as well as the surrounding conditions and circumstances, that this was not a situation "where the contracting parties could not have possibly contemplated the unaccrued claim." Transp. Ins., 159 F. Supp. 2d at 842. Rather, we find that Benn's claim for a referral fee – although unaccrued at the time of the execution of the General Release – was clearly within the contemplation of the parties when the General Release was signed, and as a result, the claim is barred by the General Release.

Moreover, Benn cannot be allowed to circumvent the unambiguous language in the General Release by suing Liberty Mutual, rather than Hoffman, in seeking to recover funds to which he released his claim in the General Release. As stated in Garces & Grabler's Response to the Motions for Summary Judgment, any monies which Benn would have received as a result of Liberty Mutual placing Benn's name on drafts issued in settlement of the Carr Case would have effectively reduced the one-third fee of $195,971.26 which was paid to Hoffman. (See Garces & Grabler's Resp. Mots. Summ. J. at unnumbered page 2.) The Pennsylvania Supreme Court has stated:

> If such a release can be nullified or circumvented, then every written release and

> every written contract or agreement of any kind, no matter how clear and pertinent and all-inclusive, can be set aside whenever one of the parties has a change of mind or whenever there subsequently occurs a change of circumstances which were unforeseen, or there were after-discovered injuries, or the magnitude of a releasor's injuries was unexpectedly increased, or plaintiff made an inadequate settlement. It would make a mockery of the English language and of the Law to permit this release to be circumvented or held to be nugatory.

Buttermore, 561 A.2d at 735 (quoting Emery v. Mackiewicz, 240 A.2d 68, 70 (Pa. 1968)); see also Crestar Mortg., 937 F. Supp. at 456 ("The Pennsylvania Supreme Court has consistently upheld the application of releases to claims against persons or entities not party to the release.").

As such, summary judgment will be entered in favor of Liberty Mutual. Consequently, Liberty Mutual's Third-Party Complaint seeking contribution and/or indemnity from Hoffman, Garces & Grabler and Carr will be dismissed, and the Motions for Summary Judgment filed by Hoffman, Garces & Grabler and Carr will be denied as moot.

An appropriate Order follows.